UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIEL CAMACHO,

    Petitioner,

v.                                              CASE NO. 6:06-cv-1122-Orl-31JGG

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

**ORDER**

This case is before the Court on Petitioner's Motion to Adopt 28 U.S.C. § 2254 under All Writs 28 U.S.C. § 1651(a) (Doc. No. 23, filed January 4, 2007). Petitioner initiated this case by filing a petition for habeas relief pursuant to 28 U.S.C. § 2254; however, he has since been released from custody. Petitioner contends that because he is no longer in custody, his § 2254 petition should be construed as a petition seeking relief pursuant to 28 U.S.C. § 1651(a). On January 26, 2007, Respondents filed a response to Petitioner's motion asserting that the motion should be denied because Petitioner's habeas petition pursuant to 28 U.S.C. § 2254 was not mooted by his release from State custody. *See* Doc. No. 25 at 2.

"[F]ederal courts have authority to entertain § 2254 petitions only from those persons 'in custody in violation of the Constitution or laws . . . of the United States.'" *Harris v. I.N.S.*, 2004 WL 951510, at *2 (E.D.N.Y. 2004) (quoting 28 U.S.C. § 2254(a)); *see also Maleng v. Cook*, 490 U.S. 488, 491-92 (1989) ( noting that "[w]hile we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction."). "It is well settled that such

'custody' is not limited to incarceration, but includes post-imprisonment supervision such as parole, probation, and certain rehabilitation programs." *Snyder v. City of Alexandria*, 870 F. Supp. 672, 684 (E.D.Va. 1994).

"A writ of coram nobis is available to correct errors 'of the most fundamental character' occurring when a court's criminal judgment is based on an error of fact." *Id.* (quoting *United States v. Morgan*, 346 U.S. 502, 512 (1954)). A writ of error coram nobis "may be available under the All Writs Act, 28 U.S.C. § 1651(a), despite the statutory enactment of 28 U.S.C. § 2254 and other provisions which have replaced most common-law habeas corpus proceedings in federal court." *Harris*, 2004 WL 951510 at *3. "'Coram nobis is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus.'" *Id.* (quoting *Fleming v. United States*, 146 F.3d 88, 89-90 (2d Cir. 1998)). "It is well established that the writ will lie where the convicted person is not in custody, either because he has completed his sentence or because he has not yet begun to serve it." *Snyder*, 870 F. Supp. at 684.

Although Respondents assert that Petitioner's petition should be considered pursuant to § 2254, it appears that Petitioner is no longer in custody thereby precluding application of § 2254. Furthermore, Respondents assert in a conclusory manner that even if the petition is cognizable pursuant to § 1651(a), Petitioner's claims would fail.

Accordingly, it is hereby **ORDERED** that within **TWENTY (20) DAYS** from the date of this Order, Respondents shall file a supplemental response to Petitioner's Motion to Adopt 28 U.S.C. § 2254 Under All Writs 28 U.S.C. § 1651(a). In the response, Respondents shall indicate whether Petitioner remains in custody as required by § 2254, and if not, Respondents shall address whether

the petition is cognizable pursuant to § 1651(a). If the petition is cognizable pursuant to § 1651(a), Respondents shall address in detail whether Petitioner's claims warrant relief.

**DONE AND ORDERED** at Orlando, Florida this 2nd day of February, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sc 2/1
Counsel of Record
Daniel Camacho