UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIEL CAMACHO,

    Petitioner,

v.                                              CASE NO. 6:06-cv-1122-Orl-31UAM

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondents.

_____

**ORDER**

    Petitioner filed an amended petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 10) and a Motion to Adopt 28 U.S.C. § 2254 Under All Writs 28 U.S.C. § 1651(a) (Doc. No. 23). Respondents filed a response to the amended petition and responses to the Motion to Adopt in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. Nos. 14, 25, & 28). Petitioner filed replies to the responses (Doc. Nos. 21, 27, & 33).

    Petitioner alleges three claims for relief in his amended petition. As discussed below, the Court finds that this case is untimely and must be dismissed.

*Procedural History*

    On or about June 13, 2000, Petitioner was charged by information with one count of lewd act upon a child. The State filed an amended information on or about March 20, 2001, charging Petitioner with lewd act upon a child (count one) and impregnating a child

under 16 by a person 21 or older (count two). On May 14, 2001, Petitioner entered a plea of nolo contendere to count two of the amended information, and the State dismissed count one. The state trial court sentenced Petitioner to a five-year term of probation. Petitioner did not appeal the judgment or sentence.

Petitioner violated his probation and entered a plea of no contest on November 19, 2002. The state trial court sentenced him to a five-year term of imprisonment. On November 25, 20002, Petitioner filed a motion to withdraw his no contest plea, which the state trial court denied on February 5, 2003. Petitioner did not appeal.

On December 4, 2003, Petitioner filed a Florida Rule of Criminal Procedure 3.800(a) Motion to Correct Illegal Sentence.[1] The state trial court denied the motion on December 30, 2003. Petitioner appealed, and the Fifth District Court of Appeal of Florida *per curiam* affirmed on March 9, 2004. Mandate issued on May 7, 2004.

On February 11, 2004, Petitioner filed a Florida Rule of Criminal Procedure 3.800(b)(2) Motion to Correct Sentencing Error. The state trial court denied the motion on March 15, 2004. Petitioner did not appeal.

On May 13, 2004, Petitioner filed a Petition for Writ of Mandamus and/or All Writs with the Florida Supreme Court, which denied the petition on February 25, 2005.

---

[1]This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

On August 5, 2004, while the Petition for Writ of Mandamus was pending, Petitioner filed a Florida Rule of Criminal Procedure 3.850 Motion for Post-Conviction Relief. The state trial court denied the motion as untimely. Petitioner appealed, and on November 29, 2005, the Fifth District Court of Appeal of Florida *per curiam* affirmed. Mandate issued on January 27, 2006.

On December 14, 2005, Petitioner filed a Petition for Writ of Certiorari and/or Writ of Prohibition and/or Writ of Mandamus with the Florida Supreme Court. On December 23, 2005, the state court dismissed the petition for lack of jurisdiction. Petitioner filed a motion to reinstate the petition, which the state court construed as a motion for rehearing and struck as unauthorized on February 13, 2006.

On March 9, 2006, Petitioner filed a complaint with the Florida Supreme Court, which the Court construed as a Petition for Writ of Mandamus. The appellate court denied the petition on September 11, 2006.

Petitioner filed his initial federal habeas petition on July 28, 2006. He filed an amended petition on September 7, 2006.

***Motion to Adopt 28 U.S.C. § 2254 Under All Writs 28 U.S.C. § 1651(a)***

Petitioner filed a motion in which he seemingly asks the Court to consider his habeas petition pursuant to 28 U.S.C. § 1651(a). Petitioner has not established that such action is warranted. Petitioner was in state custody at the time he filed the instant petition, and he has not established that collateral consequences no longer exist as a result of his conviction. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) (holding that "once the federal

3

jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of [the habeas corpus] proceedings. . . .").  Furthermore, federal courts do not have jurisdiction to issue writs pursuant to § 1651 relating to state criminal proceedings.  *See Davis v. Roberts*, 425 F.3d 830, 836 (10th Cir. 2005).  Thus, the instant habeas petition is governed by the provisions of 28 U.S.C. § 2254.

*Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

Pursuant to § 2244(d)(1)(A), Petitioner had one year, absent any tolling, from the date his conviction became final to file his federal habeas corpus petition. The state court denied Petitioner's motion to withdraw his plea to the violation of probation on February 5, 2003. Petitioner then had thirty days to file a direct appeal. *See* Fla. R. App. P. 9.140(b)(3). Because he did not file a direct appeal, his conviction became final on March 7, 2003, thirty days after the denial of the motion to withdraw guilty plea was rendered. Thus, he had through March 7, 2004, absent any tolling, to file his § 2254 petition.

Under § 2244(d)(2), the one year was tolled during the pendency of Petitioner's "properly filed" state post-conviction proceedings. Petitioner filed a Rule 3.800(a) motion on December 4, 2003, at which time 272 days (March 7, 2003 through December 4, 2003) of the one-year period had run. The one year was tolled until the Rule 3.800(a) proceedings were completed on May 7, 2004. Another six days of the one year ran, for a total of 278 days, before Petitioner filed a petition for writ of mandamus with the Florida Supreme Court on May 13, 2004. The time limitation was tolled until February 25, 2005, when the petition was denied. Thus, Petitioner had through May 23, 2005, (87 days from February

5

25, 2005), to file his federal habeas petition.[2] Petitioner's habeas corpus petition was filed on July 28, 2006, and therefore, is untimely.[3]

Petitioner asserts that the one-year limitation should not bar his claims because he is actually innocent. In support of his contention, Petitioner argues that the State improperly amended the information against him after the expiration of the 180-day speedy trial period enunciated in Rule 3.191 of the Florida Rules of Criminal Procedure, which thereby divested the state court of its jurisdiction to convict or sentence him. *See* Doc. No. 9 at 14-16; Doc. No. 21 at 6-12. For purposes of this discussion, the Court will assume, without deciding, that a showing of actual innocence is sufficient to relieve habeas petitioners from the burdens imposed by § 2244(d).[4] "Actual innocence means factual

---

[2]The Court recognizes that Petitioner filed a Rule 3.850 motion while his petition for writ of mandamus was pending. However, the Rule 3.850 motion did not toll the time period because the state court specifically found that the motion was untimely. *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1809 (2005) (determining that an untimely state postconviction proceeding is not "properly filed" within the meaning of § 2244(d)(2)); *see Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (the state court's holding that petitioner's motion for postconviction relief was time-barred is "due deference"), *cert. denied*, 531 U.S. 991 (2000).

[3]The Court notes that Petitioner filed other state petitions on December 14, 2005, and March 9, 2006; however, because the one-year period concluded before he initiated those proceedings, the tolling provision of section 2244(d)(2) does not apply. *See Webster*, 199 F.3d at 1259 ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

[4]In *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000), the Eleventh Circuit Court of Appeals declined to decide whether there is an actual innocence exception to the time limitation of § 2244(d). Instead, the court stated that "the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed . . . ."

innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 615 (1998). To establish actual innocence, the petitioner must show that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995).

As an initial matter, the Court notes that Petitioner's claim of actual innocence appears to be premised on a procedural defect, which does not establish actual innocence. *See, e.g.*, *Groom v. Samuels*, 2006 WL 1764779, *3 (D.N.J. 2006) (holding that the petitioner's assertion of actual innocence based on an allegedly defective indictment failed to address whether he was actually innocent of the crimes charged). However, even assuming his argument is not merely one of procedural defect, Petitioner does not support his allegation of innocence with sufficient evidence to undermine the Court's confidence in the outcome of his criminal proceedings. *See Schlup*, 513 U.S. at 316.

Rule 3.191 provides that defendants charged with a felony must be brought to trial within 175 days of arrest. Fla. R. Crim. P. 3.191(a). However, the speedy trial time may be extended by order of the trial court upon a showing of good cause by the defendant. Fla. R. Crim. P. 3.191(i). A defendant may also file a demand for a speedy trial, after which the trial court must schedule the trial to begin within sixty days. Fla. R. Crim. P. 3.191(b). In the instant case, Petitioner contends that the speedy trial time had expired when the State filed the amended information on March 20, 2001, and therefore, the case was subject to dismissal pursuant to Rule 3.191. The record reflects, however, that the speedy trial time was waived by motions of the defense on August 30, 2000; October 25, 2000; and February

7

12, 2001. (App. A at 16, 20, 48, & 52.) Thereafter, Petitioner made a demand for speedy trial on March 16, 2001, and the trial court scheduled the trial for May 14, 2001, within sixty days from the filing of Petitioner's demand. *Id.* at 60 & 65. The State filed the amended information on March 20, 2001. *Id.* at 62. Thus, the amended information was filed before the speedy trial limitation expired pursuant to Rule 3.191.[5] Petitioner has not presented new, reliable evidence demonstrating his actual innocence. Therefore, he does not come under the actual innocence exception, if such an exception exists.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Petitioner's Motion to Adopt 28 U.S.C. § 2254 Under All Writs 28 U.S.C. § 1651(a) (Doc. No. 23, filed January 4, 2007) is **DENIED**.

2. This case is **DISMISSED WITH PREJUDICE**.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 6th day of July, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sc 7/6
Daniel Camacho
Counsel of Record

---

[5]The Court further notes that Petitioner seemingly waived any defect in the amended information before the trial court on March 21, 2001. *See* App. A at 63.